Order, Supreme Court, New York County (Arthur F. Engoron, J), entered on or about April 10, 2012, which denied the City’s motion to quash a judicial subpoena, unanimously affirmed, without costs.
The City failed to show that the public interest would be harmed by the disclosure of drafts of a public safety consultant’s *547 report recommending a change to the 911 call system (see Matter of World Trade Ctr. Bombing Litig., 93 NY2d 1, 10 [1999]). Absent sensitive subject matter or exposure of review participants to liability, the City’s contention that the disclosure of the drafts would have a chilling effect on the internal discussions of those engaged in reviewing technical projects such as this is speculative. Petitioners, on the other hand, have shown a need for the drafts in preparing their case before the collective bargaining board.
There is no basis for the City’s claim of protection under the so-called “self-critical” privilege. This privilege has never been recognized under New York law, and this case is not the exceptional and compelling case that justifies the judicial creation of a new privilege (see Lamitie v Emerson Elec. Co.— White Rodgers Div., 142 AD2d 293, 298-299 [3d Dept 1988], lv dismissed 74 NY2d 650 [1989]). Concur — Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.